



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JOSEPH F. PALAZZOLO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:01-CV-0488-Y |
| | ) |
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO; ROGELIO (ROY) FLORES; HARRY DAWSON; DERRELL CHANDLER; DONNIE HURD; AQUILLA BROCK; SANDRA McCLARNEY; and JIM McCANN, | ) |
| | ) |
| Defendants. | ) |

## MOTION FOR LEAVE TO EXCEED THE PAGE LIMITATION IN DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS AFGE, FLORES, DAWSON, CHANDLER AND BROCK

Pursuant to Local Rules 56.5(b) and 7.1, defendants American Federation of Government Employees, AFL-CIO ("AFGE"), Rogelio (Roy) Flores, Harry Dawson, Derrell Chandler, and Aquilla Brock (collectively "defendants") hereby move for leave to exceed the 50 page limit for briefs in support of summary judgment set forth in Local Rule 56.5(b). Specifically, defendants move for leave to file a 100-page brief in the present case. Defendants have made a good faith effort to keep their summary judgment brief to as short a length as possible. While defendants are appreciative that the length of their proposed brief is most unusual, defendants respectfully submit that, under the unique circumstances of the present case, there is good cause to grant leave to allow the filing of a 100-page summary judgment brief.

Specifically, the current pending complaint is plaintiff's second amended complaint. This complaint contains fifty-three counts and runs thirty-two pages in length. Moreover, a great number of the "counts" functionally contain multiple factual allegations even though each "count" is confined to a single paragraph. The pending complaint was filed when plaintiff was in a pro se status. While plaintiff is now represented by counsel, the current complaint was never further amended. The current status of the complaint thus leaves defendants in the unpleasant position of having to address each and every factual allegation in the current complaint and of having to raise each and every defense to each and every allegation. Defendants are forced to do this despite the probability that, in response to defendants' presentation, plaintiff may abandon a majority of the "counts" which have been set forth in the second amended complaint. The problem for defendants is that, absent a filing by plaintiff identifying which claims have been abandoned by plaintiff, defendants are forced to address all of the counts of the current complaint as if plaintiff were still pursuing each and every count.

A further complication warranting leave to file a 100 page brief is simply the number of individual persons accused of acting on defendant AFGE's behalf. Even in the second amended complaint, AFGE and twelve individual defendants were sued, with the undersigned counsel representing AFGE and nine of the named individual defendants. Since that time, five individual defendants were ordered dismissed on March 3, 2003 in response to an agreed motion. Yet, within the body of the current complaint, each of the dismissed former individual defendants and the three individual defendants not represented by the undersigned counsel are alleged to have acted as agents of defendant AFGE. This means that defendant AFGE must address the alleged conduct of all persons named in the complaint, even though the alleged conduct involves persons

who are no longer named defendants or who are not represented by the undersigned.

Furthermore, defendants respectfully submit that the alternative to granting leave to file a 100 page brief would result in the filing of even more pages of aggregate argument and a more muddled presentation of the collective defenses available to multiple defendants. The pending complaint contains a good deal of factual overlap among the individual defendants and AFGE. If the defendants were to file multiple motions for partial summary judgment (each limited to the claims of a smaller number of defendants, and each adhering to the 50 page limit set forth in Local Rule 56.5(b)), the total pages of briefing could easily exceed 100 pages with any number of legal and factual arguments repeated in each brief. The net effect of this alternative would be that this Court would have to muddle through more redundant argument and a less cogent overall presentation.

Finally, defendants respectfully submit that a thorough review of all of the defenses surrounding the 53 counts set forth in the complaint is, in the unfortunate circumstances of this case, the "lesser evil." Defendants respectfully submit that all of plaintiff's claims are appropriate for resolution through summary judgment. Yet even if this Court should ultimately disagree with defendants, it is a virtual certainty that many of the present 53 counts can be resolved through summary judgment. An order denying leave to file an overlong brief may result in a presentation by defendants for many counts that would be too abbreviated, and prompt the scheduling of many counts for trial when such a result, in defendants' opinion, would prove to be unnecessary. In terms of the economical use of this Court's time, defendants submit that a thorough review of the defenses to all 53 counts will prove more beneficial to the Court than an abbreviated summary judgment presentation that could result in unnecessary trial time for this Court.

For the foregoing reasons, defendants respectfully request that their motion for leave to exceed the page limitation in defendants' brief in support of their motion for summary judgment, to allow the filing of a 100 page brief, be granted.

Respectfully submitted,

_____
Richard Lee Griffin
Texas Bar No. 084664400
1810-B 8th Avenue
Fort Worth, Texas 76110
Telephone: 817.926.8300
Facsimile: 817.926.2486

Date: *April 4, 2003*

Attorney for Defendants AFGE, Flores, Dawson, Chandler and Brock

### Certificate of Conference

I certify that I conferred with plaintiff's attorney about this motion by telephone on April 3, 2003, and he opposes the motion.

I conferred with David Coggin, attorney for defendants McClarney, Hurd, and McCann, and he does not oppose the motion.

_____
Richard Lee Griffin